### 17545.   BROWN *v.* THE STATE.

A conviction of possessing intoxicating liquor was authorized by the evidence.

DECIDED NOVEMBER 9, 1926.

Possessing intoxicating liquor; from Appling superior court— Judge Reed. June 1, 1926.

*J. B. Moore,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

LUKE, J. The defendant was convicted of possessing intoxicating liquor. A witness for the State testified: "Mr. Dorman and I went over to Prentiss in this county, and went into an old bay, and we found some beer and a distilling outfit there, and we found a path leading into it, and we went there about eight o'clock in the night, and about nine the same night the defendant came in there, the path that we went in, and came up to near

Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 762, n. 61.

where the still and beer was and went to the place where there had apparently been some old evidence of fire before, as there were coals and an old sign of where fire had been some time prior, and the defendant stooped down and it looked as though he was trying to build a fire, and the match went out, and the splinters that he had would not light, and he threw his light down and walked in the direction where we were, apparently looking for something, and we caught him. . . The beer was off some thirty or forty feet. . . The beer that we saw was intoxicating and is used to make what we commonly call 'moonshine whisky.'" The defendant's presence at the still at nine o'clock at night, coupled with the fact that he was endeavoring to build the fire, sufficiently indicates ownership or possession in contemplation of the law; and that the beer within thirty or forty feet of the still was in charge of the same person who controlled the still is a natural and reasonable deduction, and excludes every reasonable hypothesis save that of the guilt of the accused.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*